UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KATIE RODRIGUES,
  Plaintiff,

vs.

GPH Partners LLC,
  Defendant.

---

Complaint

17 Civ. 00259

**COMPLAINT FOR PERMANENT INJUNCTION
REQUIRING CHANGES TO CORPORATE POLICY
AND THE ELIMINATION OF DIGITAL ACCESS BARRIERS**

  Katie Rodrigues ("Plaintiff"), by and through her attorneys, seeks a permanent injunction requiring a change in Defendant's corporate policies to cause Defendant's website to become, and remain, accessible and in support thereof, Plaintiff alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action against Defendant and asserts that its website is not accessible to blind and visually impaired consumers in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1201 *et. seq.*

2. Plaintiff seeks a permanent injunction to cause a change in Defendant's corporate policies related to its web-based technologies so that Defendant's website will become, and will remain, accessible. The website at issue is www.gramercyparkhotel.com (hereinafter "Website").

3. While the increasing pervasiveness of digital information presents an unprecedented opportunity to increase access to goods and services for people with perceptual or motor difficulties, website developers and web content developers often implement digital technologies without regard to whether those technologies can be accessed by individuals with disabilities.

This is notwithstanding the fact that accessible technology is both readily available and cost effective.

4. Blind and visually impaired consumers must use screen reading software or other assistive technologies without regard to whether those technologies can be accessed by individuals with disabilities.

5. Plaintiff has used Defendant's Website in the past, and intends to continue to use Defendant's website. However, unless Defendant is required to eliminate the access barriers at issue, and required to change its policies so that access barriers do not reoccur on Defendant's Website, Plaintiff will continue to be denied full access to the Website as described, and will be deterred from fully using Defendant's Website.

6. The ADA expressly contemplates the type of injunctive relief that Plaintiff seeks in this action. In relevant part, the ADA requires: "In the case of violations . . . of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities . . . Where appropriate, injunctive relief shall also include requiring the modification of a policy . . . ." 42 U.S.C. § 12182.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

8. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) because this is the district in which a substantial part of the acts and omissions giving rise to the claim occurred.

## PARTIES

9. Plaintiff is and, at all times relevant hereto, has been a resident of Arlington, Virginia, who occasionally visits New York City. Plaintiff is, and at all times relevant hereto, has been

legally blind and is therefore a member of a protected class under the ADA, 42 U.S.C. § 1202(2) and the regulations implementing the ADA set forth at 28 CFR §§36.01 *et seq.*

10. Defendant, GPH Partners LLC, owns the hotel located at 2 Lexington Avenue, New York, New York, 10010. Defendant owns, operates and maintains brick and mortar places of public accommodation situated in New York. Defendant also offers goods and services to the public through the Website including special deals and seasonal rates. Defendant's brick and mortar stores and Website are integrated and are public accommodations pursuant to 42 U.S.C. § 12181(7).

## FACTUAL BACKGROUND

11. Plaintiff is permanently blind and uses screen reader software in order to access the internet and website content.

12. Despite several attempts to use and navigate the Website, Plaintiff has been denied the full use and enjoyment of the facilities, goods and services on the Website as a result of access barriers.

13. The barriers at the Website have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deters Plaintiff from attempting to use Defendant's Website.

14. If the Website were accessible, Plaintiff could independently shop for and completely book a hotel stay via the Website, explore the hotels offers including its menus, accomadations and amenities, and receive special deals and seasonal rates that are offered online.

## SUBSTANTIVE VIOLATION
### (TITLE III OF THE ADA, 42 U.S.C. § 12181 *ET SEQ.*)

15. The allegations contained in the previous paragraphs are incorporated by reference.

16. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.*, provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment

3

of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

17. Defendant's hotel and integrated Website are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

18. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

19. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations, which is equal to the opportunities afforded to other individuals. 42 U.S.C. §12182(b)(1)(A)(ii).

20. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things: "a failure to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage or

accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii); *see also* 28 C.F.R. § 36.303(a).

21. Title III requires that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1). The regulation sets forth numerous examples of "auxiliary aids and services," including ". . . accessible electronic and information technology; or other effective methods of making visually delivered materials available to individuals who are blind or have low vision." 28 C.F.R. § 36.303(b).

22. The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder. Plaintiff, who is blind and have disabilities that substantially limited the major life activity of seeing within the meaning of 42 U.S.C. §§ 12102(1)(A) and (2)(A), has been denied full and equal access to the Website. Plaintiff has not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled persons. Defendant has failed to take equitable steps to remedy its discriminatory conduct. These violations are ongoing.

23. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for:

a. Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably

calculated to ensure that its Website is fully accessible to, and independently usable by, blind individuals;

b.      A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 (a) which directs Defendant to take all steps necessary to bring its Website into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its Website is fully accessible to, and independently usable by, blind individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

c.      Payment of costs of suit;

d.      Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and

e.      The provision of whatever other relief the Court deems just, equitable and appropriate.

Dated: January 12, 2017

Respectfully Submitted,
/s/ *David Kasell*
**Kasell Law Firm**
1038 Jackson Ave., Suite 4
Long Island City, New York 11101
(718) 404-6668
David@Kaselllawfirm.com

/s/ *Chloe Roberts*
(Fla. Bar No. 734373)
**Roberts & Associates Law Firm**
*Pro Hac Vice* application in progress
1110 Brickell Ave., Suite 430
Miami, Florida 33131
Office: (305) 830-9992
Direct Line: (305) 988-1130
cjr@robertsharassmentlaw.com
